IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JAY WAYNE BURCH, JR.,

    Plaintiff,

v.                                      CIVIL ACTION NO.: CV509-025

ERNEST "DOBIE" CONNER;
DR. CHARLES HARDEN; and
MARK GARNER,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at the Ware County Jail in Waycross, Georgia, filed a 42 U.S.C. § 1983 action alleging that Defendant Ernest "Dobie" Conner ("Defendant Conner") violated his constitutional rights while he was housed at D. Ray James Detention Center in Folkston, Georgia. Defendant Conner filed a Motion for Summary Judgment, and Plaintiff filed an untimely Response. For the reasons which follow, Defendant Conner's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff asserts that the medical staff at D. Ray James Detention Center were deliberately indifferent to his serious medical needs. Plaintiff also asserts that he contacted Defendant Conner about this issue and that he still did not receive any medical attention.

AO 72A
(Rev. 8/82)

Defendant Conner contends that he is not liable for any alleged violation of Plaintiff's constitutional rights based on respondeat superior principles. Defendant Conner also contends that he was not deliberately indifferent to Plaintiff's serious medical needs. Defendant Conner further contends that he is protected by qualified immunity. Finally, Defendant Conner contends that Plaintiff is not entitled to equitable relief.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The moving party bears the burden of establishing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v.

AO 72A
(Rev. 8/82)

Catrett, 477 U.S. 317, 323 (1986)). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

Defendant Conner alleges that he did not personally participate in any purported constitutional violations. Defendant Conner asserts that he has never refused to approve a referral to an outside physician "deemed to be medically necessary by medical providers" at the Detention Center. (Doc. No. 33-1, p. 14). Defendant Conner asserts that it is his policy to approve and pay out of his budget any medically necessary referrals. Defendant Conner contends that it is also his policy to rely on the advice of the qualified medical professionals regarding the medical necessity of treatments and procedures. Defendant Conner avers that there is no evidence that he refused to allow a referral for a medically necessary procedure for Plaintiff, nor is there evidence of widespread abuses. In fact, Defendant Conner asserts, Plaintiff has produced no evidence of any alleged constitutional violation other than that which he claims to be a victim.

Plaintiff contends that Defendant Conner knew about his serious medical condition, but failed to take reasonable measures to abate it. Plaintiff ostensibly contends that Defendant Conner, in stating that he never had a conversation with

3

anyone regarding Plaintiff's medical condition, is not being truthful. Plaintiff asserts that Defendant Conner admits that Deputy Sergeant Mike King and staff informed him about Plaintiff's medical condition.

In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. A "causal connection" may be established when the supervisor is well aware of a "history of widespread abuse" and fails to correct the alleged violations. Id. Constitutional "deprivations that constitute widespread abuse sufficient to notify the supervis[or] must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." Id. Having actual notice of the alleged unconstitutional practices combined with a refusal to investigate or respond comprises such a causal connection.

Defendant Conner submitted an Affidavit, a Statement of Material Facts, and a copy of the transcript from Plaintiff's deposition in support of his Motion. These documents reveal that Defendant Conner never spoke with Doctor Harden or any other medical personnel about Plaintiff's medical treatment and that Plaintiff has no evidence that Defendant Conner and Doctor Harden ever had any direct communication regarding Plaintiff's medical care and treatment. (See, e.g., Doc. No. 36, p. 65; Doc. No. 33-3, pp. 2-3). These documents also reveal that Defendant Conner deferred to medical personnel regarding the medical care and treatment of inmates and detainees in Charlton County because he is not a medical professional. (Doc. No. 33-2, p. 3; Doc.

AO 72A
(Rev. 8/82)

No. 33-3, p. 2). This documentation indicates that Plaintiff attempts to hold Defendant Conner liable for the alleged violations of his constitutional rights based on Defendant Conner's supervisory position as Sheriff of Charlton County.

In contrast, Plaintiff has offered nothing which shows a genuine issue of material fact on this issue. Plaintiff points to page 4 of Defendant Conner's Brief in Support of his Motion for Summary Judgment as support for his contention that Defendant Conner was aware of his serious medical needs and did nothing to correct the situation. However, the undersigned's review reveals that Defendant Conner stated that his staff told him that Doctor Harden was of the opinion that Plaintiff's requested procedure was elective. Defendant Conner avers that he "was never informed that the consultation which [Plaintiff] was requesting was medically necessary." (Doc. No. 33-1, p. 4).

There is no evidence before the Court that Defendant Conner was aware of any necessity for the medical treatment Plaintiff desired or that Defendant Conner was deliberately indifferent to Plaintiff's serious medical needs. Rather, the evidence before the Court indicates that Plaintiff wishes to hold Defendant Conner liable solely based on his supervisory position as Sheriff, which is an insufficient basis for liability under section 1983.

It is unnecessary to address the remaining portion of Defendant Conner's Motion.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant Conner's Motion for Summary Judgment be **GRANTED** and that Plaintiff's claims against Defendant Conner be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 2nd day of June, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)